# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOHN L. ALLEN, JR., <br><br> Petitioner, <br><br> v. <br><br> MR. STEPHEN D'ILIO, <br><br> Respondent. | Case No. 3:14-cv-4492 (BRM) <br><br><br> **MEMORANDUM AND ORDER** |

**THIS MATTER** has been opened to the Court by Petitioner John L. Allen, Jr. ("Petitioner"), upon the filing of his petition for a writ of habeas corpus (the "Petition") (ECF No. 1) brought pursuant to 28 U.S.C. § 2254. For the reasons explained in this Memorandum and Order, Respondents shall file a limited answer addressing timeliness and exhaustion, including the relevant record. The limited answer may be in the form of a motion to dismiss.

Because Petitioner has filed a § 2254 petition, this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, to screen the Petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

Under AEDPA, Congress prescribed a one-year period of limitation for the filing of federal habeas corpus petitions by state prisoners. *See Douglas v. Horn*, 359 F.3d 257, 261 (2004); 28 U.S.C. § 2241(d)(1). Pursuant to 28 U.S.C. § 2241(d)(1), [t]he limitation period shall run from the latest of—

1

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For pre-AEDPA convictions, which included those cases in which a prisoner's conviction became final before April 24, 1996, a state prisoner had a year from April 24, 1996, the effective date of the AEDPA to seek federal habeas relief. *Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).

Under 28 U.S.C. 2241(d)(2),"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." This exception to the one-year limitation period is known as statutory tolling and provides that the one-year limitations period is tolled during the time a properly filed application for post-conviction relief is pending. *See Merritt v. Blaine*, 326 F.3d 157, 161 (3d Cir. 2003). An application for post-conviction relief is considered "pending" within the meaning of § 2244(d)(2) during the period between a lower state court's ruling and the period a petitioner has to seek review of the decision, whether or not the appeal was actually sought. *Swartz v. Meyers*, 204 F.3d 417, 424 (3d Cir. 2000). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the

2

one-year state of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. D.A. of the County of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, it appears Petitioner's judgment of conviction became final before April 24, 1996.[1] Therefore, it appears Petitioner had one year from April 24, 1996, the effective date of the AEDPA, to seek federal habeas relief, *Burns*, 134 F.3d at 111, or to file a petition for postconviction relief. Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." It also appears Petitioner filed at least one petition for postconviction relief ("PCR") prior to submitting his habeas Petition for filing on July 9, 2014. (*See* ECF No. 1 at 3-6); however, Petitioner has not stated whether he filed more than one PCR or whether any subsequent PCRs were accepted as properly filed by the state court. Petitioner has attached to his Petition an Order from the Supreme Court of New Jersey, denying a petition for certification, which is dated July 9, 2013.[2] His Petition is dated exactly one year later, July 9, 2014.

Petitioner also appears to acknowledge that most of the Grounds for relief listed in his Petition are unexhausted. This Court may not grant a writ of habeas corpus under 28 U.S.C. § 2254 unless the petitioner has exhausted the remedies available in the courts of the State or exhaustion is excused under 28 U.S.C. § 2254(b)(1)(B). *See Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir.

---

[1] In the instant Petition, Petitioner lists the date of his Judgment of Conviction as July 10, 1991. (ECF No. 1, Pet. at 1.) According to the Petition, Petitioner appealed his conviction and the Appellate Division denied his direct appeal on May 4, 1995. (*Id.* at 2.) The Petition states that the New Jersey Supreme Court denied his Petition for Certification on July 5, 1999. (*Id.*) Petitioner does not state whether he filed a petition for certiorari with the United States Supreme Court, and the Court assumes for purposes of this screening that Petitioner did not file a petition for certiorari but adds to its calculation the 90 days in which Petitioner could have filed for such review. Thus, it appears that Petitioner's conviction became final on October 3, 1995.

[2] The Order was entered on July 12, 2013.

1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993). To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005). The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted). In sum, the exhaustion doctrine requires the petitioner to afford the state courts "the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief." *Id.* (quoting *Zicarelli v. Gray*, 543 F.2d 466, 472 (3d Cir.1976)); *see also Gould v. Ricci*, No. CIV. 10-1399 NLH, 2011 WL 6756920, at *2 (D.N.J. Dec. 19, 2011) (explaining same). The exhaustion doctrine therefore requires a petitioner challenging a New Jersey conviction under § 2254 to have fairly presented each federal ground that is raised in the petition <u>to all three levels of the New Jersey courts</u>, that is, the Law Division, the Appellate Division, and the New Jersey Supreme Court. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Rose v. Lundy*, 455 U.S. 509 (1982).

Furthermore, federal district courts may not adjudicate mixed petitions, i.e. petitions that contain both exhausted and unexhausted claims. *See Rhines v. Weber*, 544 U.S. 273 (2005). Normally, the Court is directed to dismiss a mixed petition without prejudice, *id.* at 274, but a stay and abeyance may be appropriate when a dismissal without prejudice would cause Petitioner to

run afoul of the habeas statute of limitations, and lose his opportunity to seek federal habeas review. *See id.* at 275-76. As the Supreme Court instructed, "stay and abeyance is . . . appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. District courts should grant a stay instead of dismissing a mixed petition "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. If a stay is not warranted, then the petitioner may elect to delete the unexhausted claims. *See Gould*, 2011 WL 6756920, at *3; if he does not delete the unexhausted claims, then the Court must either (a) dismiss the entire § 2254 petition as unexhausted, *id.* (citing *Rose v. Lundy*, 455 U.S. 509 (1982), or (b) deny all grounds raised in the § 2254 petition on the merits, pursuant to 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). *See, e.g., Carrascosa v. McGuire*, 520 F.3d 249 255 (3d Cir. 2008).

Because the Court is unable to discern whether the Petition is timely and because it appears that most of his claims are unexhausted, the Court will direct Respondents to file a limited answer addressing (1) the timeliness of the Petition on a claim by claim basis and (2) whether any of the claims are unexhausted/procedurally defaulted. In reply to Respondents' limited answer, Petitioner may provide any basis he may have for statutory or equitable tolling and/or clarify whether he seeks a stay pursuant to *Rhines* to exhaust his state court remedies as to any unexhausted claims.

Accordingly, for the reasons set forth above and for good cause appearing,

**IT IS** on this 14th day of August 2019,

**ORDERED** that the Clerk of the Court shall serve, pursuant to Rule 4 of the Habeas Rules, a Notice of Electronic Filing of this Order on the State of New Jersey, Department of Law & Public Safety, Division of Criminal Justice, Appellate Bureau ("the Bureau"), in accordance with the Memorandum of Understanding between this Court and the Bureau; and it is further

**ORDERED**, also in accordance with the Memorandum of Understanding, that if the Bureau intends to refer the action to a County Prosecutor's Office, the Bureau will use its best efforts to upload to CM/ECF a "referral letter" indicating the name of that office within fourteen (14) calendar days from the date of the Order to Answer; and it is further

**ORDERED that, within 45 days of the date of this Order, Respondent shall file a limited answer addressing (1) the timeliness of each claim presented in the Petition and (2) address whether each claim is exhausted; the limited answer may be in the form of a motion to dismiss**; and it is further

**ORDERED** that Respondents' answer shall adhere to the requirements of Habeas Rule 5(c) and (d) in providing the relevant state court record of proceedings, including any pro se filings; and it is further

**ORDERED** that the answer shall contain an index of exhibits identifying each document from the relevant state court proceedings that is filed with the answer; and it is further

**ORDERED** that Respondents shall electronically file the answer, the exhibits, and the list of exhibits; and it is further

**ORDERED that all exhibits to the Answer must be identified by a descriptive name in the electronic filing entry, for example:**

**"Exhibit #1 Transcript of [type of proceeding] held on XX/XX/XXXX"** or

**"Exhibit #2 Opinion entered on XX/XX/XXXX by Judge YYYY"**; and it is further

**ORDERED** that Petitioner may file and serve a reply to the answer within forty-five (45) days after Respondents file the answer, see Habeas Rule 5(e); the reply should address the timeliness of the Petition and provide any basis Petitioner may have for statutory or equitable tolling and/or clarify whether he seeks a stay to exhaust state court remedies; and it is further

**ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to Petitioner at the address on file.

*s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**