UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
JOHN LEE ALLEN, Jr.,                :
                                    :
            Petitioner,             :   Case No. 3:14-cv-4492 (BRM)
                                    :
      v.                            :
                                    :
STEPHEN D'ILIO, et al.,             :   **OPINION**
                                    :
            Respondents.            :
_____ :

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Petitioner's John Lee Allen, Jr. ("Petitioner" or "Allen") *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Presently pending are: (1) Petitioner's request for a stay and abeyance (ECF No. 4); (2) Petitioner's motion to amend his habeas petition (ECF No. 20); (3) Respondents' motion to dismiss the habeas petition due to untimeliness (ECF No. 21); (4) Petitioner's motion to strike Respondents' certification filed in support of their motion to dismiss (ECF No. 23); and (5) Petitioner's motion for an extension of time to file a response to the motion to dismiss and for weekday access to the law library (ECF No. 25). Having reviewed the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Fed. R. Civ. P. 78(b), for the reasons set forth below and for good cause appearing, Petitioner's motion for a stay and abeyance is **DENIED**; Petitioner's motion to amend his habeas petition is **DENIED**; Petitioner's motion to strike Respondents' certification in support of their motion to dismiss is **DENIED**; Petitioner's motion for an extension of time to file a response to the motion to dismiss and for weekday access to the law library is **DENIED**; and Respondents' motion to dismiss the habeas petition due to untimeliness is **GRANTED**. The habeas petition is

**DISMISSED WITHOUT PREJUDICE**. Petitioner shall have the opportunity to file a supplemental brief that asserts why his habeas petition (or any specific claims therein) are timely.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Because this opinion focuses solely on the timeliness of Petitioner's habeas petition, minimal facts supporting the underlying judgment of conviction against Petitioner are necessary. After a jury trial, Petitioner was sentenced on September 6, 1991 to two life terms plus fifty years imprisonment with an eighty-five percent parole disqualifier for: (1) two counts of murder; (2) two counts of felony murder; (3) two counts of armed robbery; (4) two counts of possession of a weapon for an unlawful purpose; and (5) one count of kidnapping. (*See* ECF No. 21-2 at 12, 19.) The New Jersey Superior Court, Appellate Division affirmed on appeal, but remanded the matter to modify the sentence. (*See id.* at 18-39.) On May 10, 1995, the New Jersey Superior Court entered an amended judgment of conviction for two life terms with sixty years parole ineligibility. (*See id.* at 41-42.) The New Jersey Supreme Court denied certification on Petitioner's direct appeal on July 6, 1995. (*See id.* at 46.)

In March 1996, the New Jersey Superior Court received Petitioner's first post-conviction relief ("PCR") petition. (*See* ECF No. 21-3 at 2-4.) On June 21, 1996, the Superior Court denied Petitioner's first PCR petition without prejudice as Petitioner withdrew it. (*See id.* at 6.)

On August 29, 1996, Petitioner filed a verified counseled PCR petition. (*See* ECF 21-4 at 2-9.) On January 24, 1997, the New Jersey Superior Court denied this PCR petition. (*See id.* at 11). Petitioner then appealed *nunc pro tunc* to the Appellate Division on March 19, 1997. (*See* ECF No. 21-5 at 2.) The Appellate Division granted Petitioner's *nunc pro tunc* request on March 26, 1997. (*See id.* at 3.) The Appellate Division affirmed the denial of Petitioner's PCR petition.

(*See id.* at 5-8.) The New Jersey Supreme Court denied certification on this PCR petition on May 4, 1999. (*See id.* at 10.)

In a document dated October 9, 2000, and received by the New Jersey Superior Court on October 13, 2000, Petitioner filed a second PCR petition.[1] (*See id.* at 12-19.) The New Jersey Superior Court denied this PCR petition on November 27, 2000. (*See* ECF No. 21-6 at 75.) At some point thereafter, Petitioner's appeal from this denial was dismissed.[2] (*See id.*)

On June 23, 2011, Petitioner filed a third PCR petition. (*See id.*) The Superior Court denied the third PCR petition on December, 9, 2011. (*See id.*) The Appellate Division affirmed this denial. (*See id.* at 74-76). The New Jersey Supreme Court denied certification on July 12, 2013. (*See id.* at 78.)

Petitioner filed this federal habeas petition on July 9, 2014, pursuant to the prisoner mailbox rule.[3] *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *see also Maples v. Warren*, No. 12–0993, 2012 WL 1344828, at *1 n.2 (D.N.J. Apr. 16, 2012) ("Often times, when the court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition."). Because Petitioner did

---

[1] "The New Jersey Supreme Court has not adopted the prisoner mailbox rule for PCR petitions." *Young v. Slaughter*, No. 19-6149, 2019 WL 5783371, at *5 (D.N.J. Nov. 6, 2019) (citing *Scott v. Nogan,* No. 16-5294, 2019 WL 1352845, at *2 and n.1 (D.N.J. Mar. 26, 2019) (*citing Oliver v. Lee,* No. L-6590-08, 2012 WL 1414081, at *3 (N.J. Super. Ct. App. Div. Apr. 25, 2012); *State v. Culley*, 595 A.2d 1098, 1099-1100 (N.J. Super. Ct. App. Div. 1991))). As detailed *infra* however, this four-day difference regarding when this PCR petition should be deemed "filed" does not affect the outcome of the timeliness determination.

[2] Respondents have not provided this Court with a copy of the Appellate Division's dismissal order nor when the dismissal occurred. However, a subsequent opinion from the Appellate Division from 2012 recites some of the relevant procedural history of this case. Nevertheless, it only details that the appeal was dismissed, not *when* it was dismissed. (*See* ECF No. 21-6 at 75.)

[3] Unlike New Jersey, this Court applies the prisoner mailbox rule to determine when a federal habeas petition is deemed "filed."

not file his habeas petition on the proper form, this action was administratively terminated on July 18, 2014. (*See* ECF No. 2). Thereafter, Petitioner filed his habeas petition on the proper form. (*See* ECF No. 5). The habeas petition raises the following claims:

1. Denied meaningful access to the courts as Petitioner was denied a full and fair hearing
2. Denied constitutional right to a public trial
3. Inadequacy of state court corrective process
4. Denied right to be present
5. Ineffective assistance of trial counsel
6. Ineffective assistance of appellate counsel
7. Ineffective assistance of PCR counsel.

Petitioner filed a request to stay this matter. (*See* ECF No. 4.) Additionally, in December 2019, Petitioner filed a motion to amend his habeas petition. (*See* ECF No. 20). That motion is still pending and seeks to add the following claims to this action:

1. Admission of evidence denied Petitioner fundamental fairness during the state court proceedings
2. Police misconduct denied Petitioner fundamental fairness during the state court proceedings
3. Prosecutorial misconduct denied Petitioner fundamental fairness during the state court proceedings

(*Id.* at 6.) Petitioner also seeks to add as respondents: (1) Marcus Hicks; (2) Bruce Davis; (3) Gurbir Grewal; and (4) Angelo J. Onfri in his motion to amend. (*See id.* at 5.)

On December 27, 2019, Respondents filed a motion to dismiss the habeas petition due to untimeliness. (*See* ECF No. 21.) In January 2020, Petitioner sought, and was granted, a ninety-day extension of time in which to file a response to the motion to dismiss. (*See* ECF Nos. 23 & 24).

On January 16, 2020, Petitioner sought to strike the certification included in Respondents' motion to dismiss for failure to comply with local rules. (*See* ECF No. 23). The motion to strike remains pending.

In April 2020, Petitioner filed a motion for another ninety-day extension of time to respond to the motion to dismiss as well as a request for an order for weekday access to the law library. (*See* ECF No. 25). That motion also remains pending.

## II.   DECISION

Before addressing Respondents' motion to dismiss, this Court must first address two procedural motions associated with the motion to dismiss; namely, (1) Petitioner's motion to strike Respondents' certification in the motion to dismiss; and (2) Petitioner's request for another ninety-day extension of time to file a response to the motion to dismiss.

### A.  Motion to Strike Certification in Respondents' Motion to Dismiss

Petitioner argues this Court should strike Respondents' attorney's certification attached to their motion to dismiss for failure to comply with local rules. Respondents' motion to dismiss includes the following: (1) notice of motion; (2) certification in support of motion from Respondents' attorney; (3) exhibits; (4) proposed order granting motion; and (5) certificate of service. (*See* ECF 21). Within the attorney certification, Respondents make both factual and legal claims. (*See* ECF 21-1). Petitioner takes issue with the certification as not complying with Local Rule 7.2(a) which states:

> Affidavits, declarations, certifications and other documents of the
> type referenced in 28 U.S.C. § 1746 shall be restricted to statements

5

> of fact within the personal knowledge of the signatory. Argument of the facts and the law shall not be contained in such documents. Legal arguments and summations in such documents will be disregarded by the Court and may subject the signatory to appropriate censure, sanctions or both.

L.Civ.R. 7.2(a).

Petitioner is correct from a technical standpoint that the certification within Respondents' motion to dismiss appears to run afoul of the local rules. Indeed, legal arguments should be set forth in a brief rather than an attorney certification. Nevertheless, this Court will excuse this technical violation of the local rules in this one particular instance only. *See Fox v. Bayside State Prison*, No. 14-5344, 2016 WL 589673, at *3 (D.N.J. Feb. 11, 2016) ("[T]he Third Circuit has sanctioned the practice of excusing a party's strict compliance with the local rule where a court is willing to draw out the facts from the party's briefing and evidentiary submissions instead.") (citing *Boswell v. Eoon*, 452 F. App'x. 107, 111-12 (3d Cir. 2011)). Accordingly, Petitioner's motion to strike is denied.

### B. Motion for Extension of Time to File Response

Respondents filed their motion to dismiss in December 2019. Petitioner has had approximately six months to file a response. This Court is mindful of the current COVID-19 pandemic that may affect an inmate's ability to file court documents. Nevertheless, the pandemic did not begin until approximately 2-3 months after Respondents filed their motion to dismiss. Thereafter, Petitioner has had approximately three-four additional months since the start of the pandemic to file his response. Six months is more than an adequate period for Petitioner to have filed a response. Accordingly, the motion for an extension of time is denied. Nevertheless, as outlined *infra*, Petitioner's habeas petition is dismissed without prejudice.[4] He shall be given a

---

[4] Given the dismissal without prejudice, the dismissal of his motion for an extension of time will not prejudice Petitioner. Indeed, because this opinion outlines the particularly relevant periods of

6

period of sixty days in which to file a supplemental brief, notwithstanding this Court's denial of his pending motion for an extension of time.[5]

### C. Motion to Dismiss

Respondents assert that Petitioner's habeas petition should be dismissed because it is untimely.

#### i. *Statute of Limitations Generally*

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The statute states in full that the limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

---

this Court finds most significant to its untimeliness finding, it may benefit Petitioner in any supplemental brief he may elect to file because he will be expressly aware of the key periods at issue.

[5] Petitioner also requests weekday law library access within this motion. At this time, this Court does not feel it necessary to order specific express law library access for Petitioner beyond what the prison already allows, particularly given the ever-changing nature of the COVID-19 pandemic. Nevertheless, out of an abundance of caution, and because of the current COVID-19 pandemic, this Court will be generous in the amount of time (sixty days) Petitioner shall have in which to file a supplemental brief.

28 U.S.C. § 2244(d)(1).[6]

      A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) at the conclusion of direct review or at the expiration of time for seeking such review. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999); *see also* 28 U.S.C. § 2244(d)(1)(A) (noting that the 1-year period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review"). When a defendant does not file a petition for certiorari with the United States Supreme Court on direct appeal, the one-year limitations period starts to run when the ninety-day period for seeking certiorari expires. *See Gonzalez v. Thaler*, 132 S. Ct. 641, 653 (2012); *Clay v. U.S.*, 537 U.S. 522, 532 (2003); *Morris*, 187 F.3d at 337 n.1 (holding that the period of direct review "include[s] the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court"); U.S. Sup. Ct. R. 13 (ninety-day deadline to petition for certiorari). For pre-AEDPA convictions, which included those cases in which a prisoner's conviction became final before April 24, 1996, a state prisoner has a year from April 24, 1996, the effective date of the AEDPA, to seek federal habeas relief. *See Burns v. Morton*, 134 F.3d 109, 111 (3d Cir. 1998).

      A timely PCR petition filed during the one-year period will suspend the statute of limitations from running; it will not, however, revive a one-year period already expired. *See Long v. Wilson*, 393 F.3d 390, 394-95 (3d Cir. 2004) ("The state habeas petition had no effect on tolling, because an untimely state post-conviction petition is not properly filed for purposes of tolling and,

---

[6] While not express, Petitioner may be alluding to subsection (D) that applies to some of his claims. However, based on this record, this Court does not find that Petitioner has made the requisite showing that subsection (D) applies. Accordingly, this Court will apply subsection (A) to determine when the one-year statute of limitations began to run. Nevertheless, Petitioner is free to assert subsection (D) applies in any supplemental brief he elects to file. Petitioner though is cautioned that the statute of limitations is determined on a claim-by-claim basis. *See Fielder v. Varner*, 379 F.3d 113, 118 (3d Cir. 2004). Accordingly, in any supplemental brief, to the extent Petitioner may attempt to rely on subsection (D), he must do so on a claim-by-claim basis.

8

in any event, the limitations period had already run when it was filed."); *see also Saunders v. Lamas*, No. 12-1123, 2013 WL 943351, at *5 (E.D. Pa. Feb. 3, 2013) (statutory tolling inapplicable when PCR petition was filed after the expiration of AEDPA's one-year limitations period) (citing *Pace v. DiGuglielmo*, 544 U.S. 408 (2005)), *report and recommendation adopted*, 2013 WL 943356 (E.D. Pa. Mar. 11, 2013); *Shoatz v. DiGuglielmo*, No. 07-5424, 2011 WL 767397, at *1 n.2 (E.D. Pa. Feb. 25, 2011) ("[B]ecause all of petitioner's subsequent PCRA petitions were filed after his one-year limitation period expired . . . none of these filings entitle petitioner to statutory tolling, regardless of their disposition.").

A PCR petition or appeal therefrom is "properly filed" only where it is filed in accordance with all state "time limits, no matter their form." *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85 (3d Cir. 2013) (quoting *Pace*, 544 U.S. at 417). A properly filed PCR petition will continue to be "pending" in the state courts following an adverse determination by the PCR court until the time during which he have filed a timely direct appeal in the state courts has run. *See Swartz*, 204 F.3d could at 420-24, 423 n.6. In New Jersey, a notice of appeal for the denial of a PCR petition is due within forty-five days of the date on which the PCR petition was denied. *See* N.J. Ct. R. 2:4-1. When a New Jersey prisoner fails to file a timely notice of appeal under New Jersey's forty-five (45) day rule, his petition remains pending for the forty-five (45) days during which he could have filed a timely appeal from the denial of his PCR petition, but is not "pending" for tolling purposes between the expiration of the forty-five day period and his filing of a late notice of appeal. *See Thompson v. Adm'r New Jersey State Prison*, 701 F. App'x 118, 122-23 (3d Cir. 2017); *Brown v. Powell*, No. 17-10687, 2019 WL 1529645, at *2 (D.N.J. Apr. 9, 2019) ("If the petitioner files an untimely appeal that a state appellate court nonetheless addresses on its merits, AEDPA tolling resumes upon the untimely appeal's filing, but the period between the

9

deadline for a timely appeal and the actual filing of the untimely appeal is not tolled."). Additionally, different than on direct appeal, if a petitioner does not seek certiorari from the United States Supreme Court on his PCR petition, the ninety-day period for which he could have done so does not toll the AEDPA statute of limitations. *See Stokes v. District Attorney Cty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

### ii. *Finality of Petitioner's Judgment of Conviction*

Petitioner's judgment of conviction became final before the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. 104–132, 110 Stat. 1214 (Apr. 24, 1996), as the New Jersey Supreme Court denied certification on Petitioner's direct appeal on July 5, 1995. Petitioner had a PCR petition pending when AEDPA was enacted in April 1996. However, Petitioner withdrew the petition and it was dismissed without prejudice on June 21, 1996. Given this withdrawal by Petitioner, he no longer had a PCR petition "pending" in the state courts. Accordingly, Petitioner's one-year AEDPA statute of limitations began to run on June 21, 2016.[7]

### iii. *June 21, 2016 to August 29, 1996*

Petitioner's August 29, 1996 verified PCR petition stopped the running of AEDPA's statute of limitations after sixty-nine days had run. The New Jersey Superior Court denied this PCR petition on January 24, 1997.

### iv. *March 9, 1997 to March 19, 1997*

Petitioner had forty-five days, or until March 9, 1997, in which to file his appeal from the January 24, 1997 New Jersey Superior Court's denial to the Appellate Division. However, he did not file his appeal *nunc pro tunc* until March 19, 1997. The ten days between when he should have

---

[7] Even if this Court were to award Petitioner the forty-five days from June 21, 1996 to August 5, 1996 to file an appeal from his withdrawn PCR petition, for the reasons described *infra*, his federal habeas petition would still be untimely.

filed his notice of appeal and when he filed his notice of appeal also is counted against his AEDPA statute of limitations. *See Thompson*, 701 F. App'x at 122-23; *Brown*, 2019 WL 1529645, at *2. By this point then, seventy-nine days (69 + 10 = 79 days) had already run on his one-year AEDPA statute of limitations.

      **v.**    *May 3, 1999 to October 13, 2000*

Ultimately, the New Jersey Supreme Court denied certification on this PCR petition on May 3, 1999. It does not appear Petitioner filed a petition for certification to the United States Supreme Court. Accordingly, his AEDPA statute of limitations began to run again on May 3, 1999. *See Stokes*, 247 F.3d at 542. Petitioner did not file his second PCR petition until October 13, 2000, or 530 days thereafter. Accordingly, unless equitable tolling applies, this second PCR petition did not act to statutorily toll the AEDPA statute of limitations because 609 days (69 +10 + 530 days) of the one-year AEDPA period had already run by October 13, 2000.

      **vi.**    *July 12, 2013 to July 9, 2014*

The record does not indicate with any specificity when the Appellate Division affirmed the denial of Petitioner's second PCR petition. However, it is worth noting no PCR petition was pending between the New Jersey Supreme Court's denial of certification on Petitioner's third PCR petition on July 12, 2013, and when Petitioner filed this federal habeas petition, July 9, 2014 – a period of 361 days. Therefore, it appears clear Petitioner's federal habeas petition is untimely. At an absolute bare minimum, at least 970 days (69 + 10 + 530 + 361 = 970) ran on his one-year AEDPA statute of limitations prior to this action being filed.[8]

---

[8] This 970 total does not even include the almost thirteen-year period between October 13, 2000 and July 12, 2013 for which the AEDPA statute of limitations was presumably running as well since the October 13, 2000 second PCR filing did not statutorily toll AEDPA's one-year statute of limitations as it had already expired by October 13, 2000.

11

### vii. *Equitable Tolling*

As statutory tolling does not make Petitioner's habeas petition timely, presumably the only way Petitioner's habeas petition can be saved is if equitable tolling applies. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418 (2005); *see also Jenkins*, 705 F.3d at 89 (3d Cir. 2013). "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). The Third Circuit has explained "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784, 799 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

For equitable tolling to apply, the Third Circuit has required a showing of reasonable diligence:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence, [citing *Holland v. Florida*, 130 S. Ct. 2549, 2565 (2010)]. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). . . . The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d at 799. Extraordinary circumstances may be found where: (1) the petitioner has been actively misled; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citation omitted).

As previously noted, Petitioner has not filed a formal response to Respondents' motion to dismiss. He has not expressly argued in opposition to Respondents untimeliness arguments. Therefore, in the interest of judicial economy as well as justice, rather than have this Court presume what Petitioner's complete equitable tolling arguments may be, this Court will grant Respondents motion to dismiss the habeas petition, but the dismissal of the habeas petition is without prejudice. Petitioner shall be given sixty days from the date of this order to file a supplemental brief asserting why any of his claims are timely should he elect to do so.[9] Should Petitioner not file a supplemental brief within the time allotted, this Court will proceed to dismiss the habeas petition with prejudice as untimely.

Considering this Court's dismissal of the habeas petition without prejudice, the Clerk shall be ordered to mark the case as closed. However, it will be reopened upon Petitioner filing a supplemental brief. Should Petitioner file a supplemental brief, Respondents shall be given an opportunity to file a reply. Furthermore, given the dismissal of the habeas petition is without prejudice, this Court will reserve judgment on whether a certificate of appealability shall issue.

### D. Motion to Amend

Given the dismissal of the habeas petition without prejudice as untimely, Petitioner's motion to amend shall also be denied.

---

[9] This Court is extremely skeptical Petitioner will be able to make a showing that his habeas petition should be considered timely. This is particularly so given the 361-day period between July 12, 2013 and July 9, 2014 this opinion has counted against the AEDPA one-year statute of limitations. Assuming this period is counted against Petitioner's AEDPA statute of limitations, Petitioner would have to show that all but four days prior to July 12, 2013 should not count against the one-year AEDPA statute of limitations. As detailed for the reasons *supra*, this appears highly unlikely. Nevertheless, in the interest of justice, Petitioner shall be given every opportunity to make that case.

13

### E. Request to Stay

Prior to ordering a response from Respondents in this case, Petitioner filed a request for a stay and abeyance. (*See* ECF No. 4.) As Petitioner's habeas petition is untimely, however, his request for a stay is denied.

### III. CONCLUSION

For the foregoing reasons, Respondents' motion to dismiss is **GRANTED** and Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE**. Petitioner shall have sixty days in which to file a supplemental brief asserting why his habeas petition (or any claims therein) is timely. Petitioner's outstanding motions are **DENIED** considering the untimeliness of his habeas petition.

DATED: June 29, 2020  */s/Brian R. Martinotti*
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**