UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
JOHN LEE ALLEN, Jr.,                                  :
                                                                       :
            Petitioner,                                           :           Case No. 3:14-cv-4492 (BRM)
                                                                       :
v.                                                                    :
                                                                       :
STEPHEN D'ILIO, et al.,                              :           **OPINION**
                                                                       :
            Respondents.                                       :
_____:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Petitioner's, John Lee Allen, Jr. ("Petitioner" or "Allen"), application for reconsideration of the dismissal without prejudice due to untimeliness on his petition for writ of habeas corpus. (ECF No. 30.) For the following reasons, Petitioner's application for reconsideration is **DENIED**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 29, 2020, this Court granted Respondents' motion to dismiss Petitioner's habeas petition filed pursuant to 28 U.S.C. § 2254 due to untimeliness. (*See* ECF 26 & 27.) However, the dismissal was without prejudice to give Petitioner time to file a supplemental brief arguing why his habeas petition and/or the claims therein should be considered timely. Petitioner did not file a supplemental brief. Instead, in July 2020, he filed what has been labeled by the Clerk's Office as an application for reconsideration of this Court's June 29, 2020 opinion and order. (*See* ECF 30.) Petitioner also filed a notice of appeal of the June 29, 2020 opinion and order. (*See* ECF 32.)

## II. DECISION

Local Civil Rule 7.1 allows a party to seek a motion for re-argument or reconsideration of "matter[s] or controlling decisions which the party believes the Judge or Magistrate Judge has

overlooked." L.Civ.R. 7.1(i). To prevail on a motion for reconsideration, the movant must show: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court . . . [rendered the judgment in question]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *U.S. ex rel. Shumann v. Astrazeneca Pharm. L.P.*, 769 F.3d 837, 848-49 (3d Cir. 2014) (citing *Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). The standard of review involved in a motion for reconsideration is high and relief is to be granted sparingly. *See United States v. Jones*, 158 F.R.D. 309, 314 (D.N.J. 1994). "The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. The word 'overlooked' is the operative term in the Rule." *Andreyko v. Sunrise Sr. Living, Inc.*, 993 F. Supp. 2d 475, 478 (D.N.J. 2014) (internal citations and quotation marks omitted). Mere disagreement with the Court's decision is not a basis for reconsideration. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Petitioner's presents no basis for his relief in his application for reconsideration. Instead, he requests a copy of a docket sheet in this case as well as a copy of this Court's August 14, 2019 order. Accordingly, the application for reconsideration is denied. However, this Court will provide Petitioner copies of the documents he has requested in this instance.

### III. CONCLUSION

For the foregoing reasons, Petitioner's application for reconsideration is denied. An appropriate order will be entered.

DATED: September 15, 2020  /s/Brian R. Martinotti
**BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**